IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH DANIEL ANDERSON, III, § | |
|     Petitioner, § | |
| § | |
| vs. § | C.A. NO. C-10-310 |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Federal Correctional Institution in Bastrop, Texas. Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. § 2241 on August 10, 2010 (D.E. 1, 24).[1] Petitioner complains that the sentence imposed in a 2005 federal conviction for being a felon in possession of a firearm is not being calculated correctly. Petitioner also filed a motion for change of venue (D.E. 14). On January 13, 2011 respondent filed a motion to dismiss and also a response to the motion for change of venue (D.E. 20, 21). Petitioner responded on February 14, 2011 (D.E. 22). As discussed more fully below, it is respectfully recommended that respondent's motion to dismiss and petitioner's petitioner's motion for change of venue be denied. It is further recommended that petitioner's request for § 2241 relief be denied.

## JURISDICTION

---

[1] Petitioner declared under penalty of perjury that he placed his petition in the prison mail system on August 10, 2010 and it is considered filed as of that date. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is appropriate in this court because petitioner was incarcerated in the Southern District of Texas at the time he filed this habeas action. Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000). Even though petitioner has been transferred to the Western District of Texas, jurisdiction attaches upon the initial filing for habeas relief and is not destroyed upon the transfer of petitioner and accompanying custodial change. McClure v. Hopper, 577 F.2d 938, 939-940 (5th Cir. 1978).

## BACKGROUND

On September 4, 2003 petitioner was indicted on one count of being a felon in possession of a firearm in the United States District Court for the Northern District of Texas in Cause No. 3:03-CR-330-D(01) (D.E. 1, p. 2; Sentence Monitoring Computation Data, D.E. 19-1, App. p. 4). Petitioner pleaded guilty and on March 25, 2005 the court imposed a 188-month term of imprisonment and a three-year period of supervised release (D.E. 1, p. 2; Sent. Trans., D.E. 19-1, App. p. 15). The court stated that the sentence was to run concurrently with the undischarged terms of imprisonment on his prior state offenses, including his revocation and other offenses that resulted in revocation (Sent. Trans., D.E. 19-1, App. p. 15).

In petitioner's complaint, he alleged that the sentence was not being calculated correctly because BOP records showed he had a sentence start date of November 10, 2005 (D.E. 1, p. 7). Petitioner argues that he should get credit toward his sentence starting May 19, 2002, the date he began serving his state court sentences (Id.). Petitioner also seeks a

change of venue to the sentencing court, arguing that it would be convenient because the sentencing judge is familiar with his situation.

In its motion to dismiss, respondent argues that petitioner's complaint and his motion for change of venue are both moot because the BOP has granted petitioner the relief he seeks. Petitioner counters that the BOP still is not calculating his sentence correctly and therefore his claim is not moot.

## APPLICABLE LAW

### A. Mootness of Claim

If a dispute ends or has otherwise been resolved, it becomes moot. American Medical Ass'n v. Bowen, 857 F.2d 267, 270-271 (5th Cir. 1988). A case may become moot when an intervening factual event causes the petitioner to no longer have a present right, stake or interest in the outcome. Dailey v. Vought Aircraft, Co., 141 F.3d 224, 227 (5th Cir. 1998). If a controversy is moot, the trial court lacks subject matter jurisdiction. See North Carolina v. Rice, 494 U.S. 244, 246, 92 S.Ct. 402, 404 (1971). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990).

Petitioner seeks to have the start date of his federal sentence changed to May 19, 2002. Respondent argues that his claim is moot because the BOP has recalculated his sentence and now shows it as beginning on March 25, 2005. However, this is not the entire

relief sought by petitioner and the issue of when petitioner's sentence began is still in dispute. Accordingly, neither his time calculation claim nor his motion for change of venue are moot and they should not be dismissed or denied on that basis.

### B. Time Calculation

Respondent concedes that the sentencing judge ordered that petitioner's federal sentence was to run concurrently to his undischarged state court sentences (Decl. of Henry Davis, D.E. 19-1, App. p. 1; Sent. Trans., D.E. 19-1, App. pp. 15, 18-19). After petitioner filed the law suit, the BOP reviewed the statements of the sentencing judge and changed the start date of petitioner's federal sentence from November 10, 2005 to March 25, 2005, which was the day he was sentenced in federal court.

Petitioner argues that because the judge ordered the sentences to run concurrently, the start date of his federal sentence should be May 19, 2002, the day he began to serve his state court sentence. However, his argument is foreclosed by Fifth Circuit precedent. "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). See also Miramontes v. Driver, 243 Fed. Appx. 855, 856 (5th Cir. 2007)(federal court cannot order federal sentence to run absolutely concurrently with prior sentence); Natividad v. Haro, 181 Fed. Appx. 499, 500 (5th Cir. 2006)(same); Lugo-Cuero v. United States Bureau of Prisons, 194 Fed. Appx. 220, 221 (5th Cir. 2006). Accordingly, because petitioner's start date cannot be moved back to May 19, 2002, he has received from the BOP all the relief he is due in this case. His request for § 2241 relief should be denied.

### C. Motion For Change of Venue

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought. 28 U.S.C. §1404. Petitioner argues that his case should be transferred to the sentencing court in the Northern District of Texas because the sentencing judge is familiar with the circumstances of the case.

It is not necessary to transfer the case because respondent agrees that the sentencing court ordered that petitioner's federal sentence run concurrently with his state sentence. Nevertheless, as discussed above, petitioner's sentence can begin no earlier than the date he was sentenced in federal court. Transferring his case to the Northern District would not be more convenient for any party or witness and would not further the interests of justice. Therefore, it is recommended that petitioner's motion to transfer venue be denied.

### **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that respondent's motion to dismiss the petition as moot (D.E. 21) and petitioner's motion for change of venue (D.E. 14) be denied. It is further recommended that all § 2241 relief requested in the petition be denied because petitioner's sentence is being correctly calculated.

Respectfully submitted this 1st day of March, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).